IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MARIETTA STOKES                                                                                          PLAINTIFF

v.                                    Civil No. 2:14-cv-2181
CAROLYN W. COLVIN, Acting Commissioner
Social Security Administration                                                                   DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Marietta Stokes, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claim for a period of disability and disability insurance benefits ("DIB") under the provisions of Title II of the Social Security Act ("Act").  The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  (ECF No. 6).[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**I.      Background:**

Plaintiff protectively filed her application for DIB on January 24, 2012, alleging an onset date of November 18, 2011, due to multiple chemical sensitivity (MCS), depression, diabetic neuropathy, asthma, allergies, arthritis, carpal tunnel syndrome (CTS), diabetes, hypothyroidism, and high blood

---

[1] The docket numbers for this case are referenced by the designation "ECF No. __."  The transcript pages for this case are referenced by the designation "Tr."

pressure. (Tr. 8, 174). For DIB purposes, Plaintiff retains insured status through December 31, 2016. (Tr. 10, Finding 1). Plaintiff's application was denied initially and on reconsideration. An administrative hearing was held on October 25, 2012, at which Plaintiff appeared with counsel and testified. (Tr. 22-52). A vocational expert ("VE") was also present and testified. (Tr. 43-51).

On April 18, 2013, the Administrative Law Judge ("ALJ") entered an unfavorable decision. (Tr. 8-16). In this decision, the ALJ determined Plaintiff had the severe impairments of diabetes, neuropathy, and CTS. (Tr. 10, Finding 3). After reviewing all of the evidence presented, however, the ALJ determined Plaintiff's impairments did not meet or equal the level of severity of any impairment listing. (Tr. 10-11, Finding 4).

The ALJ next evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 11-14). The ALJ first evaluated Plaintiff's subjective complaints and found she was not entirely credible. (Tr. 12). The ALJ then found Plaintiff retained the residual functional capacity ("RFC") to perform light work except with the following limitations:

> occasionally reach overhead with the right upper extremity; occasionally climb ramps or stairs, but never climb ladders, ropes, or scaffolds; occasionally balance, stoop, kneel, crouch and crawl; frequently handle and finger on the right; avoid even moderate exposure to fumes, odors, dusts, gases, and poorly ventilated areas; avoid even moderate exposure to hazards, such as machinery and hazards [sic]; able to perform work where interpersonal contact is incidental to the work performed, complexity of tasks is learned and performed by rote with few variables and little judgment, and supervision is simple, direct, and concrete.

(T. 11, Finding 5).

With the help of the VE, the ALJ determined Plaintiff could not perform her past relevant work ("PRW"). (Tr. 14, Finding 6). Based on the VE's testimony, the ALJ found Plaintiff could perform the requirements of the representative occupations of waitress, outside deliverer, and bench

assembler. (Tr. 15, Finding 10). The ALJ then concluded Plaintiff was not disabled. (Tr. 16, Finding 11).

Plaintiff requested the Appeals Council review the ALJ's unfavorable decision, which denied the request on July 10, 2014. (Tr. 1-3). On August 22, 2014, Plaintiff filed the present appeal. (ECF No. 1). The Parties consented to the jurisdiction of this Court on August 25, 2014. (ECF No. 6). Both Parties have filed appeal briefs, and the case is ready for decision. (ECF Nos. 9, 10).

## II.     Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough a reasonable mind would find it adequate to support the Commissioner's decision. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record to support the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record to support a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

To determine whether a claimant suffers from a disability, the Commissioner uses a five-step sequential evaluation. She determines: (1) whether the claimant is presently engaged in a substantial gainful activity; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the RFC to perform her PRW; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove there are other jobs in the national economy the claimant can perform. 20 C.F.R. §§ 404.1520(a)-(f); *Cox*, 160 F.3d at 1206. The fact finder only considers Plaintiff's age, education, and work experience in light of her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920.

### III.    Discussion:

Plaintiff argues the ALJ erred by: (1) not including additional impairments as severe at step two; (2) did not conduct a proper credibility analysis; (3) not including additional RFC limitations; and (4) improperly weighing the medical opinions. (ECF No. 9 at 12-20).

Plaintiff argues the ALJ should have included MCS, asthma, headaches, obesity, osteoarthritis of the lumbar spine, right shoulder impingement syndrome, left hip joint-space narrowing, depression, and anxiety as severe impairments. (ECF No. 9 at 13-15).

A claimant suffers from a severe impairment if the impairment is more than slight and it affects the claimant's ability to complete her basic work activities. *See Householder v. Bowen*, 861 F.2d 191, 192 n.1 (8th Cir. 1988). The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "slight abnormalities that do not

significantly limit any 'basic work activity.'" *See Bowen v. Yuckert*, 482 U.S. 137, 155 (1987) (O'Connor, S., concurring); *see also Brown v. Bowen*, 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*); *Kirby v. Astrue*, 500 F.3d 705, 707-09 (8th Cir. 2007).

The standard for determining whether a claimant suffers from a severe impairment is low. *See Nicola v. Astrue*, 480 F.3d 885, 887 (8th Cir. 2007) (reversing the decision of the ALJ and holding that a diagnosis of borderline intellectual functioning should have been considered severe because the diagnosis was supported by sufficient medical evidence). If the ALJ errs by finding a severe impairment not severe, the ALJ's disability determination must be reversed and remanded. *Id*.

At the hearing, Plaintiff testified her MCS condition was her primary problem, described accommodations she makes in her daily life such as constantly wearing a charcoal mask, and presented evidence of long-term treatment for MCS and other respiratory problems. (Tr. 29, 33, 516). The record indicates Plaintiff was diagnosed with MCS, asthma, and allergies in 2008. (Tr. 477-478, 576-589). She received some asthma relief from Advair, but her MCS condition remained uncontrolled despite trying multiple medications. (Tr. 478, 585, 588-589). Plaintiff's treating physician, Dr. John McAuley, described Plaintiff's MCS condition as incapacitating at times because of the respiratory complications. (Tr. 597). Dr. Clifford Evans, a consulting physician, examined Plaintiff in March 2012 and found her physical exam was unremarkable, but anticipated Plaintiff would have "severe limitations due to multiple chemical sensitivities." (Tr. 513). Dr. McAuley submitted a Medical Source Statement in October 2012 and opined Plaintiff should not be exposed to marked temperature changes, dust, fumes or gases, and would need unscheduled breaks and

periodic absences from a workplace. (Tr. 592-594).

Even though there was significant evidence documenting Plaintiff's MCS was severe, the ALJ did not discuss or include MCS or any respiratory condition as a severe impairment at step two. (Tr. 10). The undersigned finds there is sufficient evidence in the record to show Plaintiff's MCS impairment is "severe." Because the ALJ erred by not finding Plaintiff's respiratory conditions were a severe impairment, the case is reversed and remanded. *See Nicola*, 480 F.3d at 887.

### IV.  Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**Dated this 30th day of July, 2015.**

> /s/   Barry A. Bryant  
> HON. BARRY A. BRYANT  
> U.S. MAGISTRATE JUDGE